UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANSEL GOUVEIA,

        Petitioner,

        v.

WARDEN, Five Points Correctional Facility
and MATTHEW T. ALBENCE, Acting
Director of Immigration and Customs
Enforcement,

        Respondents.
_____

**DECISION AND ORDER**

1:19-CV-00532 EAW



## BACKGROUND

*Pro se* petitioner Ansel Gouveia ("Petitioner") commenced the instant action on April 24, 2019, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. (Dkt. 1). Petitioner, a native of Guyana, is currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), having been convicted on August 19, 2005, of "criminal sale of a controlled substance in the first degree and conspiracy in the second degree (two counts)." *People v. Gouveia*, 88 A.D.3d 814, (2d Dep't 2011). DOCCS' inmate information database indicates that Petitioner was sentenced to an aggregate maximum sentence of 28 years and four months. *See* New York State Department of Corrections and Community Information, Inmate Population Information Search, *http://nysdoccslookup.doccs.ny.gov*.

Petitioner is subject to a final order of removal to Guyana, dated October 1, 2012. (Dkt. 1 at 10). Effective April 24, 2018, the New York State Parole Board granted Petitioner "conditional parole for deportation only" (hereinafter "CPDO"). (*Id.* at 13)[1]. However, "[d]espite multiple efforts to elicit information regarding this matter from ICE [United States Custom and Immigration Enforcement] officials, no plausible explanation has been provided for the failure to execute the court ordered deportation. And Petitioner remains unjustifiably detained." (*Id.* at 7).

Respondent Matthew T. Albence ("Director Albence"), the Acting Director of ICE, has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6), contending that this Court lacks jurisdiction over Petitioner's claims and that, in any event, Petitioner has no private right of action to compel his immediate removal. (Dkt. 10). Petitioner failed to respond to Director Albence's motion to dismiss, despite having been granted an extension of time in which to file such a response. (Dkt. 15).

For the reasons set forth below, the Court finds that it lacks jurisdiction over the Petition and grants Director Albence's motion to dismiss.

---

[1] "Under New York state law, once an inmate who is subject to deportation . . . has served his minimum period of incarceration, the Parole Board may consider, as a factor warranting earlier release, the fact that such inmate will be deported, and may grant parole to such inmate conditioned specifically on his prompt deportation." *Duamutef v. I.N.S.*, 386 F.3d 172, 175 (2d Cir. 2004).

## DISCUSSION

### I. Legal Standard

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms, S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . ., a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). In addition, a court is not limited to the allegations in the complaint and can "refer to evidence outside the pleadings." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002). "Indeed, a challenge to the jurisdictional elements of a plaintiff's claim allows the Court to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 289 F. Supp. 2d 392, 399 (S.D.N.Y. 2003) (quotation omitted), *aff'd*, 403 F.3d 76 (2d Cir. 2005). "Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (quotation omitted).

## II. The Court Lacks Jurisdiction Over the Petition

The Petition challenges the alleged failure of ICE to effectuate his deportation, notwithstanding the grant of CPDO. (Dkt. 1). The Second Circuit's decision in *Duamutef v. Immigration and Naturalization Services*, 386 F.3d 172 (2d Cir. 2004) conclusively establishes that the Court lacks jurisdiction over Petitioner's claim.

In *Duamutef*, the petitioner was a native and citizen of Jamaica who had been convicted in New York State court of second-degree murder and sentenced to "a term of 15 years to life imprisonment." *Id.* at 174. While the petitioner was serving his sentence, Immigration and Naturalization Services ("INS") initiated deportation proceedings, and a final order of removal was issued on June 16, 1994. *Id.* In 1997, the New York State Parole Board denied the petitioner's request for parole, but granted him CPDO "on or after June 3, 1997, but not later than June 1999." *Id.* at 175. "Despite having been alerted to Duamutef's CPDO status, the INS did not take him into custody." *Id.* The petitioner was again granted CPDO in 2001 and 2003, but "[a]lthough the INS [was] aware of [the petitioner's] status, it [had] not yet accepted custody of him under the terms of the CPDO" at the time the petition was filed. *Id.*

On appeal, the Second Circuit found that the district court lacked jurisdiction over the *Duamutef* petitioner's claims. *Id.* at 178-79. The *Duamutef* court explained that "the mere grant of a CPDO is not a 'release' from state custody under the INA [Immigration and Naturalization Act]" and that until such release occurs, "the pace at which the Attorney

-4-

General[2] proceeds to take [the petitioner] into custody and execute the removal order is within his discretion and thus beyond mandamus or habeas review." *Id.* at 180; *see also Thye v. United States*, 109 F.3d 127, 128 (2d Cir. 1997) ("[W]hether or not one is to be deported . . . prior to completing a prison term is a matter solely within the discretion of the Attorney General.").

*Duamutef* is squarely on point with the instant matter and compels the conclusion that the Court lacks jurisdiction over Petitioner's claims. Like the petitioner in *Duamutef*, Petitioner has been granted only a CPDO, and has not been released from state custody. "[W]hile [Petitioner] is still serving his state sentence, the [Secretary of DHS] is under no obligation to execute a deportation order," *Duamutef*, 386 F.3d at 179, and this Court lacks jurisdiction to review the Secretary of DHS' discretionary determination not to take Petitioner into custody and execute the removal order, *see id.* at 182 ("[T]he CPDO granted to [the petitioner] does not qualify as a 'release' for purposes of the INA and, as such, the decision of whether and when to execute [the petitioner's] deportation order is entirely within the Attorney General's discretion. Accordingly, . . . the District Court lacked subject matter jurisdiction for . . . [the petitioner's] § 2241 habeas claim.").

---

[2] Although these cases refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. 107–296, 116 Stat. 2135 (Nov. 25, 2002) abolished the INS, which was under the auspices of the Attorney General, and transferred the INS' "detention and removal program" to the Department of Homeland Security. *Id.*, § 441. Accordingly, the Secretary of DHS is now responsible for overseeing removal proceedings.

## CONCLUSION

For the reasons set forth above, the Court finds that it lacks jurisdiction over Petitioner's claims and grants Director Albence's motion to dismiss. (Dkt. 10). The Clerk of Court is directed to enter judgment in favor of Respondents and to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 25, 2019
       Rochester, New York